Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.

DOOLITTLE, TRUSTEE, APPELLANT, *v.* SCHUMACHER ET AL., APPELLEES.

(No. 3927—Decided March 26, 1948.)

*Messrs. Buckingham, Doolittle & Burroughs,* for appellant.

No appearance for appellees.

DOYLE, P. J. Louis Schumacher, of Akron, Ohio, executed a last will and testament, and several years later died.

In the instrument he gave most of his assets to Gillum H. Doolittle in trust, with directions to pay "the entire income of all the property * * * to my wife at

such convenient intervals as she may desire for and during her natural life." Upon the death of his wife he directed that the income from one-half of the trust *res* be paid equally to five surviving children of his deceased brother. He further provided that upon the death of any of them the part of the corpus of the trust "upon which the one so deceased would enjoy the income" (*i. e.*, one-tenth part), should pass to the said deceased's surviving children, if any, and, if none, then to named charitable institutions.

He then undertook to dispose of the remaining one-half of the trust *res* after the death of the beneficiary of the life interest. In doing so, he gave to his wife's six brothers and sisters, in equal proportions, the income therefrom. He provided, however, for a different method of distribution of this one-half of the trust *res* at the death of these relatives by affinity than he had for his own consanguineous relatives. *Inter alia,* he provided that upon the death of his wife's brother Otto, if said Otto was survived by his (Otto's) son, then "said son shall receive the sum of $5,000, payable at the rate of $1,000 per year * * *." He provided similarly for the sons of his wife's brother Frank. However, he made a different disposition of the trust *res* upon the death of the other brothers and sisters of his wife. Final disposition of the property apportioned to provide income for Otto and Frank, however, was made in the following provision:

"The portions of said trust fund distributable upon the respective deaths of said Otto * * * and Frank * * * not above disposed of, namely, the remainder of each of the one-twelfth portions of said original trust fund upon which each of them would enjoy the income, after deducting the amount hereinbefore provided for, of five thousand dollars ($5,000) for each of their surviving children, shall also pass to, vest in and be paid

over in equal shares to the children of Antonia Grantham (sister-in-law) living at the death of each of said two life beneficiaries (Otto and Frank) respectively.''

Louis Schumacher (the testator) died on December 19, 1939; Dora Schumacher (his widow) died on May 7, 1945; Otto, the widow's brother, died on January 27, 1946; and Ferdinand, the son of Otto, died on September 15, 1946.

It thus appears that Otto, testator's brother-in-law, survived his sister, the testator's wife, by about seven months. He was entitled to and received the income from one-twelfth of the trust *res* ($6,500). When Otto died, he was survived by his son, Ferdinand. Under the terms of the will, Ferdinand was entitled to five thousand dollars, payable at the rate of one thousand dollars a year. The first payment of one thousand dollars was made, but his death eight months after that of his father, stopped, of course, further yearly payments to him.

It is not questioned that, upon the death of Otto, the difference between $6,500 and $5,000, or $1,500, was payable to the surviving children of Antonia Grantham under the provisions of the quoted part of the will shown in the second paragraph of this opinion. The only disputed question for decision is, What disposition shall be made of the four thousand dollars which, in annual installments, would have been received by Ferdinand had he lived? ($6,500 [1/12 of corpus] minus $1,500 [payable to children of Antonia Grantham] minus $1,000 [paid to Ferdinand before his death] equals $4,000.)

The case is here on appeal on questions of law from the Probate Court of Summit county.

■ Specifically, the item in the will which presents the instant question is:

''Upon the death of Otto * * *, if he be survived by

his son, said son shall receive the sum of $5,000, payable at the rate of $1,000 per year, or as nearly at that rate as cash available in the trust fund will permit.''

Under this language, the testator required the survivorship of the son Ferdinand as a condition precedent to his right to take the interest specified. The provision created a contingent gift in the fullest sense in which that term is used. The gift is to be found only in the direction to pay under a certain specified contingency. The words ''shall receive'' may be construed as meaning ''the trustee shall pay'' or ''I give.''

The contingency attached to the substance of the gift. At the time of the death of the father and the survival of his son, this contingent interest ripened into a vested right to $5,000. The law favors the vesting of legacies as soon as possible, and a contingent legacy vests in the beneficiary the instant the contingency happens, unless otherwise directed.

After the first payment of $1,000 under the terms of the trust, the son died. The right of his personal representative to receive the entire balance at this time depends on whether the income from the unpaid part was to go to some one other than the legatee of the principal. If so, then the personal representative must await the payments by installment. If not, then the balance of the legacy is payable immediately. In the absence of express language of the testator indicating a contrary intent, a gift of the income on the unpaid balance may be implied.

As we read the will, there is no express language employed which would preclude the legal conclusion that the legatee was not only entitled to the installment payments, but that he was also entitled to a gift of the income from the unpaid balances. This being so, the entire balance of the gift (the legatee having

deceased) is now due and payable, if "cash available in the trust fund will permit." If cash is' not "available," the amount due will be augmented by the income received on that amount until paid.

The judgment is modified, and, as modified, is affirmed.

*Judgment modified and affirmed.*

STEVENS, J., concurs.
HUNSICKER, J., not participating.